**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARIEL ANGEL TORRES DIAZ, | Case No. 26-cv-00808-BAS-DEB |
| Petitioner, | **ORDER:** |
| v. | **(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND** |
| JEREMY CASEY, *et al.*, | |
| Respondents. | **(2) GRANTING MOTION TO DISMISS PARTY (ECF No. 10)** |

Petitioner Dariel Angel Torres Diaz filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly denied a bond hearing. (ECF No. 1.) He requests that he be granted a bond hearing within 7 days. (*Id.*) The Government responded to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. §1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (ECF No. 9.)

- 1 -

26cv0808

Further, Petitioner incorrectly included as one of the Respondents the California Attorney General.  (ECF No. 1.)  The California Attorney General moves for his dismissal as a Respondent.  (ECF No. 10.)

For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.  In addition, the Court finds the California Attorney General is not a correct Respondent and, therefore, **GRANTS** the California Attorney General's Motion to Dismiss as a Respondent.  (ECF No. 10.)

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     STATEMENT OF FACTS

Petitioner entered the United States without inspection on February 14, 2024. (ECF No. 1.)  United States Customs and Border Protection arrested him, but found he was not a "threat to national security, border security or public safety," so he was released with a Notice to Appear.  (ECF No. 9-1 at 4.)  Immigration and Customs Enforcement re-detained Petitioner when he showed up for an immigration hearing.  (ECF No. 1.)  He has been denied a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.*)  Petitioner requests that he be granted a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226 within 7 days.  (*Id.*)

## III.    ANALYSIS

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado.  Maldonado Bautista v. Santacruz*, __

26cv0808

F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Dariel Angel Torres-Diaz (A#245-823-311) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

In addition, the Court **GRANTS** the California Attorney General's Motion to Dismiss. (ECF No. 10.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0808